**In re INTERNATIONAL TECHNICAL PRODUCTS CORP., Debtor.**

**Daniel BAKST, Trustee, Plaintiff,**

v.

**The FIRST NATIONAL BANK OF BOSTON, Defendant.**

**Bankruptcy No. 79–01340–BKC–TCB.**
**Adv. No. 81–0560–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Dec. 31, 1981.

Martin Sandler, Miami, Fla., for Trustee.

Jerold I. Budney, Sanford Bohrer, Miami, Fla., for defendant.

Daniel Bakst, West Palm Beach, Fla., Trustee.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary complaint, the trustee seeks equitable subordination of the defendant bank's asserted security interest in the debtor's assets as well as damages of $1 million, both on the ground that the bank dominated the debtor to the bank's benefit. (C.P. No. 1). The bank by a letter dated December 8 (C.P. No. 16) requested dismissal of the action with prejudice on the ground of res judicata or collateral estoppel. This court treated the letter as an appropriate pleading presenting the issue of res judicata and a motion seeking summary judgment and heard the issue thus presented on December 28, without objection from the debtor. (C.P. No. 17).

The bank relies on an Order Modifying Stay entered March 18, 1980, by this court, through Judge Weaver, in Adversary Proceeding 79–0009. That adversary proceeding was filed by this bank against this trustee seeking modification of the automatic stay to permit the bank to enforce its alleged security interest in certain personal-

ty owned by the debtor in order to collect the bank's alleged claim against the debtor in the amount of $6 million. The trustee answered asserting the affirmative defense:

"10. The Plaintiff is estopped to bring this action by virtue of its conduct relative to the Debtor and its subsidiaries."

The Order Modifying Stay by necessary implication rejected all defenses, granted the relief sought by the bank and terminated the adversary proceeding. That judgment has become final.

The foregoing facts, which are apparent from the prior record of this adversary proceeding, (C.P. No. 9), are conceded by the trustee.

The transcript of the hearing held on March 14, 1980, before the judgment in question is before this court. (C.P. No. 16). That transcript reflects that the final hearing in the matter had already been postponed twice at the trustee's request and that the trustee sought but was refused further delay. The trustee was unable to present proof in support of the affirmative defense quoted above. The bank was ready to disprove those allegations. The trustee offered to consent to the relief sought by the plaintiff on the condition that the bank institute a separate court action to enforce its security agreement. That offer was not accepted nor adopted by the court as its ruling. The court found that the trustee had adequate time to prepare its defense and rejected the further continuance. The court explicitly rejected the trustee's suggestion that it require a separate judicial proceeding to enforce the security agreement.

With reference to the issues presented by the affirmative defense, the court said:

"As far as any other facts which would even lend the Court any obligation to make a requirement that it proceed to a litigation, as far as the foreclosure proceedings, I hear a lot of possibilities that these things are out here but I do not have any evidence, concrete evidence."

In *Johnson v. United States*, 5 Cir. 1978, 576 F.2d 606, it was held that federal principles of res judicata and collateral estoppel govern the effect to be given a federal judgment by a federal court. In that decision, the court also noted that:

"Under the principles of 'res judicata' in the narrower sense, a judgment in a prior suit between the same parties bars a suit on the same cause of action not only as to all matters offered at the first proceeding, but also as to all issues that could have been litigated." (At page 611).

The same parties were present in the earlier adversary proceeding. By his affirmative defense, the trustee injected the same cause of action which he asserts now. Although he offered no evidence in support of those allegations, that issue was litigated in the prior proceeding, as I see it. If it was not, it certainly could have been litigated. It follows that this action is barred as res judicata and must be dismissed with prejudice.

If this were a circumstance where the principles of collateral estoppel were applicable, I would find collateral estoppel and there is nothing in this record to withhold those principles on the equitable grounds reviewed in the *Johnson* case (at page 614).

As is required by B.R. 921(a), a separate judgment will be entered dismissing this adversary complaint with prejudice. Costs, if any, will be taxed on motion.